863 F.2d 48
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William B. GAYNOR, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 88-5083.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1988.
 
 Before LIVELY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from judgment of the district court upholding a decision of the Secretary denying social security disability benefits to the plaintiff. Gaynor, an insurance salesman and supervisor of other salesmen, applied for benefits in 1985 claiming disability by reason of back pain, arthritis, diabetes and emphysema. Following initial denial, the plaintiff obtained a hearing before an ALJ who found that Gaynor's low back pain, while severe, did not satisfy any of the impairment requirements in 20 C.F.R. Sec. 404.1520(d) and that none of the other claimed impairments rendered him disabled. The ALJ also found plaintiff's claim that he was totally disabled by reason of back pain incredible, concluding that the objectively established muscular/skeletal impairment did not prevent him from performing his past relevant work. The ALJ found that Gaynor retained the residual functional capacity to perform work-related activities involving lifting and carrying not more than twenty pounds occasionally, and ten pounds frequently, so long as he did not more than occasionally bend or stoop. Thus, the ALJ concluded that Gaynor's past relevant work did not require the performance-related activities precluded by these limitations.
 
 
 2
 When this decision was upheld by the Appeals Council, Gaynor brought this action in district court. The matter was referred to a magistrate who heard oral argument and filed findings of fact, conclusions of law and recommendations in which he found the decision of the Secretary supported by substantial evidence. Accepting the magistrate's recommendation, the district court entered judgment for the Secretary.
 
 
 3
 The only issue is whether the decision of the Secretary is supported by substantial evidence. The plaintiff contends that the Secretary misapplied Duncan v. Secretary, 801 F.2d 847 (6th Cir.1986). As this court has stated frequently, Duncan requires a two-step analysis of subjective claims of pain in disability cases. Our examination of the record and the decision of the ALJ adopted by the Secretary leads to the conclusion that the Secretary properly applied Duncan in rejecting Gaynor's claim of disabling pain. While there is objective medical evidence of an impairment, the evidence does not establish a medical condition "of such severity that it can reasonably be expected to produce the alleged disabling pain." Duncan, 801 F.2d at 853.
 
 
 4
 The plaintiff also charges that the Secretary failed to give his treating physicians' opinions greater deference than those of non-treating doctors. Our examination of the record discloses less than certitude on the part of the treating physicians with respect to the extent and duration of Gaynor's claimed disability. Dr. Carothers, an orthopedic specialist referred by Gaynor's internist, stated that he did not think it was likely that Gaynor would get back to his job "for quite some time." Dr. Stevens treated Gaynor during one of his periods of hospitalization. In filling out the disability form, Dr. Stevens found that Gaynor was restricted in standing, climbing, stooping, lifting and bending, but that he was still able to use his hands and sit without restriction. Then without explanation, he stated that Gaynor was totally disabled. The opinion of Dr. Kavlous that Gaynor could not return to his previous employment was clearly based on misinformation since he believed that Gaynor was required to carry up to fifty pounds in his work for the insurance company. There was no evidence in the record to support this assumption. We do not believe this is a case in which the Secretary failed to accord proper weight to the opinions of treating physicians.
 
 
 5
 Upon consideration of the record on appeal and briefs of the parties, oral argument having been waived, the court concludes that the decision of the Secretary, affirmed by the district court, is supported by substantial evidence. Accordingly, the judgment of the district court is affirmed.